IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JARELL D. TERRY**                                                                                          **PLAINTIFF**
ADC #149998

v.                                    Case No. 2:21-CV-00144-LPR

**SARAH HUCKABEE SANDERS, in**
**her official capacity as Governor of Arkansas, et al.**                          **DEFENDANTS**

## ORDER

Plaintiff Jarell Terry is in custody at the East Arkansas Regional Unit of the Arkansas Division of Correction. He is one of many Arkansas state inmates who have brought suit challenging the constitutionality of Arkansas Act 1110 of 2021. Mr. Terry filed this pro se action on October 27, 2021.[1] On November 2, 2021, Mr. Terry's case was consolidated with several other similar cases in the master docket in *Hayes v. Rutledge*.[2] On December 1, 2021, the Court administratively stayed all of the consolidated member cases, including Mr. Terry's case, pending resolution of three representative test cases.[3]

On March 16, 2022, the Court entered a final Order and Judgment in the three test cases.[4] For purposes of today's ruling, the most important part of the Court's permanent injunction was the requirement that:

> For any future confiscations of federal relief or stimulus funds, Defendants will have 90 days from the date of confiscation to determine whether a prisoner has existing court fines, fees, costs, or restitution. Defendants may use the confiscated funds to pay off existing court fines, fees, costs, or restitution. However, on or before the 90th day, Defendants must return to the prisoner or former prisoner any confiscated funds that are in excess of the identified court fines, fees, costs, or

---

[1] Compl. (Doc. 2). Mr. Terry has filed an Amended Complaint (Doc. 8), which is now the operative Complaint in this case. *See* Order (Doc. 7).

[2] Order (Doc. 3).

[3] *Hayes v. Rutledge*, 4:21-cv-00347 (Doc. 254) [*hereinafter Hayes Master Docket*]. The three test cases were *Hayes*, *Lamar v. Hutchinson*, 4:21-cv-00529, and *Holloway v. Ark. Gen. Assembly*, 4:21-cv-00495.

[4] *Hayes Master Docket* (Docs. 422 & 423).

> restitution.
>
> . . .
>
> When a prisoner or former prisoner has federal stimulus or relief funds in excess of his or her identified court fines, fees, costs, or restitution, and Defendants return the excess funds to the prisoner or former prisoner, Defendants must provide that prisoner or former prisoner with documentation detailing: (a) the date or dates the federal relief or stimulus funds were confiscated; (b) the amount of confiscated funds used to pay court fines, fees, costs, or restitution; (c) the amount of confiscated funds that have been returned; and (d) the date the confiscated funds were returned.[5]

The same day, the Court administratively terminated each of the member cases, including this one.[6] Mr. Terry was advised that he could move to reopen his case after ninety days to adjudicate any claims he believed were still live before the Court.[7] On June 17, 2022, Mr. Terry filed a Motion to Adjudicate, which the Court construed as a request to reopen the case.[8] The Court granted that Motion and reopened this case.[9]

As of today, here are the factual circumstances of this case. Mr. Terry's stimulus payments under the CARES Act and the Consolidated Appropriations Act have been confiscated.[10] Defendants used the entirety of those funds to pay off fines, fees, costs, and restitution pursuant to this Court's permanent injunction in the three test cases.[11] Mr. Terry has rerouted his ARPA stimulus package to a family member outside of the Arkansas state prison system.[12]

Mr. Terry is making a few different legal arguments in this case. First, he is challenging

---

[5] *Hayes Master Docket* (Doc. 422) at 23.

[6] Order (Doc. 5).

[7] *Id.* at 11.

[8] Pl.'s Mot. to Adjudicate (Doc. 6); Order (Doc. 7).

[9] Order (Doc. 7).

[10] Ex. 1 (Jerry Aff.) to Defs.' Resp. to Pl.'s Mot. for Contempt (Doc. 18-1) ¶¶ 4–5.

[11] *Id.*

[12] Pl.'s Notification to the Court (Doc. 21).

Act 1110 as a violation of the Fourteenth Amendment's Due Process Clause. He acknowledges that this Court has already addressed such a challenge in the three test cases, but Mr. Terry "do[es] not agree with the Order granted as to the obligation that the funds be used to pay off court fees, fines, costs, and restitution . . . ."[13] Defendants have filed a Motion to Dismiss this particular claim.[14] Second, Mr. Terry says that the Court should hold Defendants in contempt because they have not complied with the Court's permanent injunction. Specifically, Mr. Terry says that Defendants have failed to provide him with documentation explaining what happened to his stimulus funds.[15] The Court addresses each issue in turn.

I.  **Defendants' Motion to Dismiss**

Defendants say that Mr. Terry's case should be dismissed because (1) he has failed to state a claim upon which relief may be granted and (2) Defendants are immune from suit.[16] Mr. Terry has not responded to the Motion. In any event, Defendants are right on both fronts.

Mr. Terry fails to state a Fourteenth Amendment Due Process Clause claim. He is only challenging Act 1110 to the extent that it instructs Defendants to use his confiscated stimulus funds to pay off his fines, fees, costs, and restitution.[17] That aspect of Act 1110 does not violate the Due Process clause, though. The Eighth Circuit's decision in *Mahers v. Halford* makes clear that the Due Process Clause is not violated when "money received from outside sources [is] applied toward an inmate's restitution obligations."[18] And, as this Court has previously recognized, the logic of

---

[13] Mot. to Adjudicate (Doc. 6) at 1. Part of Mr. Terry's claim is that Defendants cannot use his federal stimulus funds to pay off his federal filing fees because the Prison Litigation Reform Act allows him to pay in installments. *See id.* The Court dismissed this aspect of Mr. Terry's case at the screening stage. *See* Order (Doc. 7).

[14] Defs.' Mot. to Dismiss (Doc. 14).

[15] Pl.'s Mot. for Contempt (Doc. 17) at 2.

[16] Defs.' Mot. to Dismiss (Doc. 14) ¶¶ 4–5. Defendants also argue that Mr. Terry's claim is "barred by *res judicata* and collateral estoppel." *Id.* ¶ 3. The Court declines to address this argument because the Rule 12(b)(6) and immunity grounds are sufficient to resolve the case.

[17] *See* Mot. to Adjudicate (Doc. 6).

[18] 76 F.3d 951, 954–56 (8th Cir. 1996).

3

*Mahers* is "highly persuasive as to court fines, fees, and costs."¹⁹ So Mr. Terry fails to state a viable Fourteenth Amendment claim.²⁰

Even if Mr. Terry could state a claim, Defendants are immune from suit, and this Court can't order them to give Mr. Terry his money back. In the above-discussed test cases, the only reason that the Court found it appropriate to issue a preliminary injunction (and later a permanent injunction) against Defendants was because the confiscated funds were in a sequestered account and had not been disbursed or become part of the State's treasury.²¹ So long as that remained true, any injunction requiring the reimbursement of stimulus funds was not monetary damages but instead a species of equitable restitution.²² Accordingly, the *Ex Parte Young* exception to sovereign immunity applied.²³ But that's not the case for Mr. Terry. His confiscated stimulus funds have been disbursed. So even if he were to succeed on the merits of his constitutional claim, any money awarded to him would necessarily have to flow from the State of Arkansas's treasury or Defendants' individual pockets. This Court doesn't have the power to order the State of Arkansas to pay money to Mr. Terry.²⁴ And Defendants would be entitled to qualified immunity in their individual capacity because it was not clearly established that they could not use Mr. Terry's confiscated funds to pay off his costs, fines, fees, and restitution. Quite the opposite. An

---

¹⁹ *Hayes Master Docket* (Doc. 79) at 14.

²⁰ *Id.*; *Hayes Master Docket* (Doc. 422) at 10–11. Mr. Terry's claim is best read as solely a procedural due process claim. But, to the extent that Mr. Terry was also attempting to proceed under the doctrine of substantive due process, that claim also fails to state a viable cause of action. *See Hayes Master Docket* (Doc. 79) at 20–21 (holding that Act 1110 does not restrict a fundamental right and survives rational basis review); *see also Hayes Master Docket* (Doc. 422) at 11–16.

²¹ *Hayes Master Docket* (Doc. 79) at 24–25.

²² *Id.*

²³ *Id.* at 25–27.

²⁴ *Fryberger v. Univ. of Ark.*, 889 F.3d 471, 473 (8th Cir. 2018) ("Eleventh Amendment and constitutional principles of sovereign immunity" bar suits against a State in federal court unless the State consents to being sued); *Hopkins v. Saunders*, 93 F.3d 522, 526 (8th Cir. 1996) (Eleventh Amendment immunity will shield a state official when a judgment against the state official will protect the state treasury).

order from this Court told them they could do so.[25]

Accordingly, Mr. Terry's Fourteenth Amendment Due Process Clause claim must be dismissed. Because that is the only claim in this case, the Court will dismiss this case.[26]

## II.   Plaintiff's Motion for Contempt

The essence of Mr. Terry's Motion for Contempt is that Defendants haven't complied with the requirement of this Court's permanent injunction that "Defendants must provide . . . documentation detailing: (a) the date or dates the federal relief or stimulus funds were confiscated; (b) the amount of confiscated funds used to pay court fines, fees, costs, or restitution; (c) the amount of confiscated funds that have been returned; and (d) the date the confiscated funds were returned."[27] Mr. Terry's Motion for Contempt fails because this part of the Court's injunction doesn't apply to Mr. Terry's case at all.

The Court's permanent injunction, by its plain terms, only requires Defendants to provide such documentation "[w]hen a prisoner or former prisoner has federal stimulus or relief funds *in excess of his or her identified court fines, fees, costs, or restitution, and Defendants return the excess funds to the prisoner* . . . ."[28] But Mr. Terry did not (and does not) have any excess funds

---

[25] *Hayes Master Docket* (Doc. 422).

[26] *See* Order (Doc. 7) at 7–8 (allowing only Mr. Terry's Fourteenth Amendment claim to proceed). Mr. Terry has never expressly sought declaratory or injunctive relief. Even if one could liberally construe his filings as requesting such relief, those requests would fail. To be entitled to a declaratory judgment, Mr. Terry must seek protection against "*some future conduct*, not simply to proclaim liability for a past act." *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir. 2019) (citation omitted). The same is true for a prospective injunction: Mr. Terry's "standing to seek the injunction requested depend[s] on whether he [is] likely to suffer future injury from" Defendants' enforcement of Act 1110. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). But the factual developments in this case render Mr. Terry's declaratory and injunctive requests moot. *See Davis v. Anthony, Inc.*, 886 F.3d 674, 679 (8th Cir. 2018) (allowing consideration of matters outside the pleadings in order to determine whether a claim for relief has become moot). There is no risk of future injury as to his CARES Act and CAA payments—they've been confiscated and disbursed. Any such declaration or injunction as to those payments would do nothing more than "proclaim liability for a past act." *Justice Network*, 931 F.3d at 764. And Mr. Terry has re-routed his ARPA payment, thus removing the possibility that his ARPA payment will be confiscated via enforcement of Act 1110. So there's no likelihood of future injury as to that payment, either.

[27] *Hayes Master Docket* (Doc. 422) at 23; Pl.'s Mot. for Contempt (Doc. 17); Reply in Supp. of Pl.'s Mot. for Contempt (Doc. 19).

[28] *Hayes Master Docket* (Doc. 422) at 23 (emphasis added).

in Defendants' custody. All of his CAA and CARES Act funds went to pay off his fines, fees, costs, and restitution.[29] And he has had his ARPA funds redirected to someone outside of ADC custody.[30] So, under the terms of the injunction, Defendants were never required to give him any detailed documentation.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss and DENIES Plaintiff's Motion for Contempt. This case will be dismissed without prejudice. Mr. Terry also has a pending Motion for Copies.[31] The Court GRANTS that Motion and directs the Clerk to send Mr. Terry a copy of the docket sheet and copies of docket entries nine through twelve.[32]

IT IS SO ORDERED this 11th day of January 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[29] Ex. 1 (Jerry Aff.) to Defs.' Resp. to Pl.'s Mot. for Contempt (Doc. 18-1) ¶¶ 4–5. Defendants confiscated $1,875.44 of Mr. Terry's stimulus funds and disbursed all of that money to "the Sebastian County Prosecuting Attorney's Office to pay outstanding fines, fees, cost[s], and restitution . . . ." *Id.* The Sebastian County Prosecuting Attorney's Office told Defendants that Mr. Terry owed a total of $3,426.00 in fines, fees, costs, and restitution. *Id.* at 3–6. Mr. Terry says that he only owed $1,531.00 in applicable fines, fees, costs, and restitution. *See* Reply in Supp. of Pl.'s Mot. for Contempt (Doc. 19) at 1. In support of that contention, Mr. Terry submitted a copy of the Sebastian County Circuit Court's Judgment and Disposition Order, which includes a fee schedule totaling $1,531.00 in fines and fees. *Id.* at 3–4. But that fee schedule did not include any restitution obligations. *Id.* And the documentation sent from the Sebastian County Prosecuting Attorney's Office to Defendants does include restitution obligation information. Ex. 1 (Jerry Aff.) to Defs.' Resp. to Pl.'s Mot. for Contempt (Doc. 18-1) at 3–6. So that explains the discrepancy between Mr. Terry's documentation and Defendants' documentation. "To find contempt, the proponent bears the burden of proving, by clear and convincing evidence, there are facts warranting relief in the nature of civil contempt." *Wal-Mart Stores, Inc. v. Cuker Interactive, LLC*, 27 F.4th 622, 624–25 (8th Cir. 2022). Mr. Terry has not even come close to meeting his burden.

[30] Pl.'s Notification to the Court (Doc. 21).

[31] Doc. 16.

[32] The Court has changed the caption in this case to reflect that Sarah Huckabee Sanders is now the Governor of Arkansas. This change has been made pursuant to Federal Rule of Civil Procedure 25(d).